UNITED STATES of America

v.

Frank L. COLLIER.

UNITED STATES of America

v.

John MICHALOS, alias Johnny Concho;
Robert Pike, alias Bob Mercury.

Cr. No. 11889 and 11892.

United States District Court
E. D. Virginia,
Norfolk Division.

April 20, 1960.

---◆---

Sam D. Eggleston, Jr., Asst. U. S. Atty., Norfolk, Va., for plaintiff.

Robert M. Harcourt, Norfolk, Va., for Robert Pike.

Percy Carmel, Hampton, Va., for John Michalos.

Reid M. Spencer, Norfolk, Va., O. John Rogge, New York City, for Frank L. Collier.

HOFFMAN, District Judge.

Defendants, in identical motions, seek the dismissal of indictments charging them with violations of the obscene mail statute, 18 U.S.C. § 1461, as amended in 1958. So far as it may be pertinent, the statute reads:

"Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance;
* * *

"Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.

"*Whoever* knowingly uses the mails for the mailing, carriage in

the mails, or delivery of anything declared by this section to be non-mailable, or *knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed,* or knowingly takes any such thing from the mails for the purpose of circulating or disposing thereof, or of aiding in the circulation or disposition thereof, shall be fined * * or imprisoned * * * or both, * * * ."

Defendants urge that the statute as a whole violates the First and Tenth Amendments to the Constitution of the United States, and that the 1958 Amendment to § 1461 contravenes the Fifth and Sixth Amendments.

In the indictment against Frank L. Collier, the first four counts relate to alleged offenses occurring prior to the effective date of the 1958 Amendment and follow the wording of the former statute. The last six counts pertain to alleged offenses occurring subsequent to the effective date of the 1958 Amendment. The six counts against Michalos and Pike relate to offenses allegedly committed after the 1958 Amendment.

■ In Roth v. United States, 354 U. S. 476, 77 S.Ct. 1304, 1309, 1 L.Ed.2d 1498, it was held that "obscenity is not within the area of constitutionally protected speech or press". Issues raised in Roth involved the First, Fifth, Ninth, Tenth and Fourteenth Amendments; all of which were resolved against the defendants. We need not discuss the matter further.

We turn to the effect of the 1958 Amendment, enacted subsequent to Roth, and the point urged by defendants that the amendment to § 1461 makes it so

vague and indefinite as to violate the due process clause of the Fifth Amendment and the provision of the Sixth Amendment which entitles an accused to be informed of the nature and cause of the accusation.

It is said that the purpose of the 1958 Amendment was to provide for continuing offenses by the use of the mails, rather than by deposits for mailing, and for punishment for subsequent offenses. In short, the crime now lies in the "use" of the mails by the offender, and the requisite proof of "depositing" is no longer required.

■ Defendants contend that the amended statute is so ambiguous with respect to the words "or at the place at which it is directed to be delivered by the person to whom it is addressed" that it is offensive to the Sixth Amendment. The counts in each indictment do not contain this specific language but merely charge that the defendants "did knowingly use the mails for the mailing and carriage in the mails, and did knowingly cause to be delivered by the mail, according to the direction thereon". As the alleged ambiguous language is not a factor in these cases, the point raised by defendants becomes immaterial.

■ Assuming arguendo that the wording of the amended statute is pertinent, it is not, in the opinion of this Court, contrary to the requirements of the Sixth Amendment. The words "or at the place at which it is directed to be delivered by the person to whom it is addressed" may be intended to form a basis for prosecution of a "straw man" to whom nonmailable matter may be addressed. It provides jurisdiction in the use of the mails at the source and at the place of delivery. We do not believe that the language is offensive to the Constitution.